## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 06-14028-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

      **Plaintiff,**

**v.**

MITCHELL MARION,

      **Defendant.**

_____/

FILED by _____ D.C.

APR 2 5 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON PRELIMINARY HEARING AND FINAL HEARING IN RESPECT TO SUPERSEDING PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE [D.E. 560]

**THIS CAUSE** having come on to be heard for an evidentiary hearing on April 25, 2017 for a preliminary and final hearing in respect to the two violations set forth in the Superseding Petition, and this Court having received evidence and arguments of counsel, recommends to the District Court as follows:

1.    The Defendant is charged in a Superseding Petition Alleging Violations of Supervised Release [D.E. 560] with the following violations:

> **Violation Number 1**      **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about July 2, 2016, in St. Lucie County, Florida, the defendant committed the offense of felony battery-prior conviction, contrary to Florida Statute 784.03(2).

> **Violation Number 2**      **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about July 2, 2016, in Saint Lucie County, Florida, the defendant committed the offense of tampering with witness, victim, or informant, contrary to Florida Statute 914.22(2)(b).

2.    The government announced that it was not proceeding in respect to Violation Number 2 set forth in the Superseding Petition. In respect to Violation Number

1, the government presented no live testimony or witnesses. The government did offer Government's Exhibits Nos. 1 and 2 which were admitted into evidence at this hearing without objection from the Defendant.

3. Government's Exhibit No. 1 is a certified copy of a Judgment and Conviction from the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, reflecting that the Defendant entered a plea of nolo contendere to a reduced charge of battery, Florida Statute 784.03. The exhibit also reflects that offense to be a first degree misdemeanor under Florida law.

4. Government's Exhibit No. 2 is a certified copy of a prior Judgment and Conviction of the Defendant in state court for a charge of battery. The Judgment appears to have been rendered on May 20, 2002.

5. The sole violation upon which the government is proceeding in the Superseding Petition is Violation Number 1 which alleges as follows:

**Violation Number 1**        **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about July 2, 2016, in St. Lucie County, Florida, the defendant committed the offense of felony battery-prior conviction, contrary to Florida Statute 784.03(2).

6. It is the government's position that since the Defendant has a prior misdemeanor battery conviction as referenced in Government's Exhibit No. 2, that any subsequent conviction in state court constitutes a felony. The government argues that even though the Defendant pled guilty and was convicted of a misdemeanor, that does not preclude the government from charging him as it has in Violation Number 1 with "committed the offense of felony battery-prior conviction, contrary to Florida Statute

784.03(2)." It is the government's position that since the Defendant has a prior battery conviction, that any subsequent battery constitutes a felony under Florida law.

7.      The Defendant argues that he has at all times been willing to resolve this matter and admit that he had pled nolo contendere to a misdemeanor and found guilty of that offense in state court. However, the Defendant argues that he was not convicted of felony battery-prior conviction.

8.      Florida Statute 784.03(2) states as follows:

> A person who has one prior conviction for battery, aggravated battery, or felony battery and who commits any second or subsequent battery commits a felony of the third degree, punishable as provided in F.S. 775.082, 775.083, or 775.084. For purposes of this subsection, "conviction" means a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld or a plea of nolo contendere is entered.

Based upon the plain reading of this statute under which the Defendant is charged in Violation Number 1, any conviction for battery, whether it be misdemeanor or a felony, subsequent to a prior conviction for battery constitutes a felony. This statute is clear on its face and even though the Defendant pled guilty to a lesser included offense of misdemeanor battery in the most recent state court proceeding, he does have a prior battery conviction which under the plain reading of Florida Statute 784.03(2) makes this subsequent misdemeanor conviction technically a felony under Florida law regardless of what punishment the state court decided to imposed.

9.      A plain reading of Violation Number 1 from the Superseding Petition alleges that the Defendant committed the offense of felony battery-prior conviction, contrary to Florida Statute 784.03(2). The violation does not state that the Defendant

3

was convicted of a felony. It only states that the Defendant "committed" the offense of felony battery-prior conviction. When taking Florida Statute 784.03(2) at its literal meaning and applying it to the evidence before this Court, the Defendant has a prior conviction for misdemeanor battery and therefore any subsequent conviction would be considered a felony regardless of what level of offense the subsequent conviction is for.

10.     During the hearing, this Court stated on the record that it disagreed with the government's argument in regards to the Defendant "committed felony battery-prior conviction" based upon the evidence. This Court felt that based upon the arguments at that time that there was insufficient evidence that the Defendant "committed felony battery". However, after the hearing this Court carefully reviewed the Florida Statute in question in conjunction with the manner in which Violation Number 1 is addressed in the Superseding Petition and finds that the language of the statute clearly covers the manner in which the government has charged the Defendant in Violation Number 1. This Court points this out so there is no confusion in the record since during the hearing this Court did not completely understand nor agree with the arguments the government was making at the hearing. Nevertheless, a plain reading of the statute by the Court subsequent to the hearing clearly shows that the exhibits do establish a prior conviction for misdemeanor battery and therefore any subsequent conviction would fall under the plain language of Florida Statute 784.03(2) and constitute a felony under Florida law regardless of the charge the Defendant pled nolo contendere to or what punishment the state Circuit Court imposed.

11.     As this Court stated on the record, Chief Judge Moore makes the final decision in respect to whether or not the Defendant committed a violation and if he did

4

so, what would be the appropriate disposition of this case. Based upon this Court's handling of this matter, while this Court is recommending that the Defendant be found to have violated his supervised release, this Court hopes that the District Court takes into consideration the fact that the Defendant pled nolo contendere to only a misdemeanor offense. The arguments made by counsel for the Defendant before this Court may be appropriately raised and of assistance to Chief Judge Moore at the time of sentencing concerning the actual offense to which the Defendant pled nolo contendere in state court and the disposition he received in the state court proceedings.

**ACCORDINGLY**, based upon the foregoing, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violation Number 1 of the Superseding Petition only based upon his prior conviction for misdemeanor battery and his subsequent conviction for misdemeanor battery which under the language of Florida Statute 784.03(2) constitutes a felony under Florida law.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this ⟋⟋ day of April, 2017, at Fort Pierce, Northern
Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:
Hon. K. Michael Moore
AUSA Marton Gyires
AFPD Fletcher Peacock
U.S. Probation
U.S. Marshal